**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**
**CASE NO.:**

**AMANDA GILYARD,**
**an Individual,**

**Plaintiff,**

**v.**

**GEORGIA-PACIFIC PALATKA LLC,**
**a Foreign Limited Liability Company,**

**Defendant.**
_______________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**WITH INJUNCTIVE AND DECLARATIVE RELIEF REQUESTED**

Plaintiff, **AMANDA GILYARD** ("Plaintiff"), by and through her undersigned counsel, sues the Defendant, **GEORGIA-PACIFIC PALATKA LLC** ("Defendant"), and alleges the following:

## INTRODUCTION

1. Plaintiff brings these claims for subjecting her to sexual harassment, retaliation, and ultimately termination in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, punitive damages, and her attorneys' fees and costs.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff is an adult individual.

4. Defendant is a Foreign Limited Liability Company that operates and conducts business in Putnam County, Florida, and is therefore subject to this court's jurisdiction.

5. At all times material, Plaintiff was an employee of Defendant.

6. Venue is proper because Defendant conducts substantial business in Putnam County, Florida, and Plaintiff worked for Defendant in Putnam County, Florida, where the actions at issue took place.

7. This Court has jurisdiction over Plaintiff's Title VII claims pursuant to 28 U.S.C. §1331 as they arise under 42 U.S.C. § 2000e et seq.

8. Plaintiff is protected by Title VII because she was a female employee who suffered sexual harassment/sex discrimination from Defendant.

9. Plaintiff is protected by Title VII because she suffered an adverse employment action after objecting to Defendant's harassing conduct by being fired for same.

10. Defendant was at all material times an "employer" as defined by Title VII as it employed in excess of fifteen (15) employees, collectively.

## CONDITIONS PRECEDENT

11. On or around April 30, 2026, Plaintiff timely dual filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR"), alleging sexual harassment and sex-based discrimination against Defendant.

12. On or about June 29, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal discrimination claims within 90 days of her receipt of the same.

13. Plaintiff timely files this lawsuit and has complied with all administrative prerequisites.

14. Plaintiff has satisfied all administrative prerequisites and all conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

15. Plaintiff worked for Defendant, most recently as a Technician in Defendant's Angel Soft Department, from July 26, 2021, until her termination on September 23, 2025.

16. In March and April of 2025, Plaintiff began experiencing unwanted sexual harassment from a male co-worker, Taariq Green ("Mr. Green"), who had recently been in trouble with the law.

17. Mr. Green would send random, unsolicited Facebook messages to Plaintiff, which were unwelcome and inappropriate, such as stating that

Plaintiff "look[ed] delicious" or that "now that [Plaintiff's] fiancé is gone, I can have my time."

18. Toward the end of April or in early May of 2025, Mr. Green escalated: he touched Plaintiff inappropriately on her backside.

19. On several more occasions over the following months, Mr. Green repeated this exploit, touching Plaintiff on her backside, sometimes grabbing and sometimes brushing her backside with his hand.

20. There were times that Mr. Green would feign being helpful, holding a door open for Plaintiff, but then take advantage of this opportunity to touch Plaintiff improperly.

21. Mr. Green made repeated remarks to Plaintiff about her body.

22. When Plaintiff would raise these troubling issues with Defendant's Master Technician, Alex Hudson ("Mr. Hudson"), Plaintiff was assured that Defendant would investigate and correct the situation.

23. Mr. Hudson even confirmed that he had personally witnessed harassing and improper behaviors by Mr. Green towards Plaintiff.

24. Unfortunately, however, Defendant never took any meaningful action to rectify the situation.

25. On or about August 20, 2025, Plaintiff therefore objected to her Defendant Supervisor, Vernon Holliman ("Mr. Holliman"), that Defendant's

actions and statements constituted sex discrimination and sexual harassment in violation of Title VII.

26. In response, Defendant assured Plaintiff that it would conduct an investigation this time around.

27. Alarmingly, however, Defendant chose to interrogate Plaintiff about whether she had ever accidentally brushed against Mr. Green.

28. Defendant failed to follow up with witnesses named by Plaintiff, and did not even show curiosity about basic facts such as the location and times of harassing remarks and actions to which Plaintiff had been subjected.

29. Shortly thereafter, on September 23, 2025, Defendant informed Plaintiff that it had decided to terminate her employment, effective immediately.

30. Defendant offered no cogent explanation for taking this extreme adverse employment action against Plaintiff.

31. It is clear that Defendant subjected Plaintiff to sexual harassment and abuse, sex discrimination, and terminated her employment in retaliation for her objections to the sexual harassment and sex discrimination.

32. Any other "reason" theorized after the fact by Defendant for its treatment and termination of Plaintiff is pure pretext.

33. Plaintiff's termination was for pretextual, retaliatory, and

discriminatory reasons, based on her objection to the sexual harassment to which she was being subjected.

34. By reason of the foregoing, Defendant's actions affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the Florida Civil Rights Act.

35. At all material times hereto, Plaintiff was ready, willing and able to perform her job duties.

36. Defendant does not have a non-discriminatory rationale for allowing and participating in the harassment and retaliation suffered by Plaintiff.

37. Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for Plaintiff's discharge.

38. Any reason provided for Plaintiff's discharge by Defendant is a pretext and cover up for illegal retaliation.

39. Plaintiff suffered sufficiently severe and pervasive harassment to create an abusive working environment and ultimately termination for objecting to same.

40. Defendant failed to take any remedial measures in response to Plaintiff's objections to unlawful discrimination/harassment and other violations of law.

41. As a result of the severe and pervasive discrimination and harassment, and the lack of any remedial action taken in response to objections to harassment, Defendant created a hostile work environment.

42. Plaintiff's termination was due to the hostile work environment caused by Defendant's acts of sex-based discrimination and sexual harassment, and its failure to take prompt remedial measures to alleviate sexual harassment, discrimination based on sex, and retaliation as the law requires, and in retaliation for Plaintiff's objections to Defendant's violations of law.

43. The temporal proximity between Plaintiff's objections to Defendant's illegal conduct, Defendant's failure to remedy the illegal conduct, and her termination, is sufficiently close to create the necessary nexus between the events.

44. By reason of the foregoing, Defendant's actions violated Title VII.

45. As a result of the above conduct by Defendant, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

46. As a result of Defendant's unlawful and retaliatory termination, Plaintiff has suffered severe emotional distress, including but not limited to

sleeplessness, crippling anxiety, loss of consortium, and family discord.

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I: SEX DISCRIMINATION/SEXUAL HARASSMENT UNDER TITLE VII HOSTILE WORKING ENVIRONMENT**

48. Plaintiff realleges and adopts the allegations contained in Paragraphs 1 through 8, 10 through 28, 31, 34 through 36, 39 through 42, and 44 through 47, above.

49. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against sexual harassment/sex discrimination under Title VII of the Civil Rights Act of 1964, as amended.

50. The sexual harassment and sex discrimination to which Plaintiff was subjected was severe and pervasive, and based upon her being female.

51. The comments and actions taken by Defendant, its agents, and employees created a hostile working environment for Plaintiff.

52. The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment

of life, and other non-pecuniary losses.

53. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

54. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

55. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant; declare that Defendant violated Plaintiff's rights under Title VII; order Defendant to make Plaintiff whole for her losses through an award of back pay, lost benefits, other lost compensation, together with front pay; award compensatory and punitive damages as permitted by law; award reasonable attorney's fees, costs, and litigation expenses; and grant such other and further relief as this Court deems just and proper.

## COUNT II: RETALIATION UNDER TITLE VII BASED ON OBJECTIONS TO DISCRIMINATION/HARASSMENT

56. Plaintiff realleges and adopts the allegations contained in

Paragraphs 1 through 7, 9 through 33, 35 through 40, and 42 through 47, above.

57. The acts of Defendant by and through its agents and employees, violated Plaintiff's rights against being retaliated against for opposing sexual harassment/sex discrimination under Title VII of the Civil Rights Act of 1964, as amended. 42 U.S.C. § 2000e et seq.

58. The retaliation to which Plaintiff was subjected was based on her opposition to Defendant's illegal sexual harassment/sex discrimination to which she was being subjected.

59. The conduct of Defendant its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

61. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 2000e-5(k).

62. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant; declare that Defendant's retaliation violated Plaintiff's rights under Title VII; order Defendant to make Plaintiff whole for her losses through an award of back pay, lost benefits, other lost compensation, together with front pay; award compensatory and punitive damages as permitted by law; award reasonable attorney's fees, costs, and litigation expenses; and grant such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury on all issues so triable.

Dated this 25th day of September, 2026.

Respectfully submitted,
***/s/ Nicholas Vimo***
Nicholas Vimo
Florida Bar No. 1029436
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
E-Mail:
nicholas@floridaovertimelawyer.com

*Counsel for Plaintiff*